■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND WM. LONGERNECKER, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— HERLIHY, J. This is an appeal from a judgment of the Supreme Court, Clinton County, entered May 5, 1964, which dismissed a writ of habeas corpus after a hearing. In his petition, appellant alleged that he was sane and that his continued detention violated due process. The writ was allowed, and a hearing was had, at which a psychiatrist appointed by the court testified that appellant was mentally ill and required hospitalization. Contrary to appellant's assertion, this testimony was based on a personal examination as well as a review of his medical history. Upon conclusion of the hearing, the writ was dismissed. In answer to appellant's contention on this appeal, his retention at Dannemora State Hospital following the expiration of his sentence pursuant to section 384 of the Correction Law did not violate the equal protection clause of the Federal Constitution, and habeas corpus, in the first instance, is not the proper remedy to test whether appellant has sufficiently recovered to be entitled to be released from the State Hospital. (See *People ex rel. Brunson* v. *Johnston,* 15 N Y 2d 647.) Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.

■ LOUIS D. BRUNO et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 40992.) HARRY H. FELDMAN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claims Nos. 42823, 43081.) — MEMORANDUM BY THE COURT. The supplemental findings for which these cases were remitted (23 A D 2d 715) indicate, *inter alia,* that in computing the value of the leasehold, the trial court utilized the factor of an economic rental value of $4,020, which we adopt as warranted by the evidence without inclusion of, or reference to the sound value, found to be $810, of fixtures which the tenants were entitled to remove but which would be rendered worthless upon removal. In our memorandum remitting these cases for adequate findings we cited *Marraro* v. *State of New York* (12 N Y 2d 285, 294–295) in respect of the issue concerning these fixtures and stated that "the award for such fixtures, whatever it was, should not have been included in, or carved out of the sum determined to be the value of the realty interests appropriated". (23 A D 2d 715, *supra.*) The awards are, in other respects, supported by the evidence. Judgment in favor of claimants Feldman *et al.* (Claims Nos. 42823 and 43081) affirmed, with costs. Judgment in favor of claimants Bruno *et al.* (Claim No. 40992) modified, on the law and the facts, so as to increase the award by $810, with appropriate interest, and, as so modified, affirmed, with costs to appellants. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ GEORGE E. CONKLIN et al., as Executors of HORACE E. CONKLIN, Deceased, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40650.) — MEMORANDUM BY THE COURT. The deficiencies in the prior decision [22 A D 2d 481] arising out of the lumping of the valuations have now been supplied and we find no basis upon which the award may be disturbed. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.